```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ELLEN REYES, as parent and natural
guardian of Joy Reyes,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         14-CV-0661(JS)(GRB)

BOARD OF EDUCATION OF THE BELLMORE
& MERRICK SCHOOL DISTRICT,

                    Defendant.
----------------------------------X
For Plaintiff:      Ellen Reyes, pro se
                    P.O. Box 550
                    Merrick, NY 11566

For Defendant:      No appearance
```

SEYBERT, District Judge:

Pro se plaintiff Ellen Reyes ("Plaintiff"), as parent and natural guardian of her daughter, Joy Reyes ("Reyes"), filed a Complaint in this Court pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq., ("IDEA") against the Board of Education of the Bellmore and Merrick School District ("Defendant") alleging that the Defendant failed to provide Reyes a "Free Appropriate Public Education ("FAPE") in a safe environment" in violation of federal law. Plaintiff further claims that the Defendant violated Reyes's unspecified constitutional rights and "United States Disabilities Act Laws." (Compl. at 1.)

Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court

finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the Court's filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to allege a plausible claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following in its entirety:[2]

> Ellen Reyes as parent and nature guardian (hereinafter "Parent" or "Mother") of Joy Reyes (hereinafter "Joy or Student") date of birth 1/17/994, Joy Reyes was illegally kicked out from John F. Kennedy High School (February 1, 2012, and February 2, 2012), bullied, mental abuse, physical abuse, harassed, denied lunch and bathroom visits, in 9th, 10th and 11th grades by Bellmore & Merrick School District. Bellmore & Merrick School District failure to provide Joy Reyes a Free Appropriate Public Education in a safe environment (the Federal statute provides that a 'Free Appropriate Public Education' include special education (20 USC section 1401(a)(18)). Bellmore & Merrick School District violated Joy Reyes Student's Constitutional rights. Bellmore and Merrick School District are in violations of the United States

---

[1] All allegations in Plaintiff's Complaint are assumed to be true for purposes of this Memorandum and Order.

[2] The "Statement of Claim" is reproduced here exactly as it appears in the Complaint. Errors in spelling, grammar, and punctuation have not been changed or noted.

2

>           Disabilities Act Laws.  Joy Reyes by Parent
>           and Natural Guardian, Ellen Reyes is
>           prosecuting relief for mental and physical
>           damages.

(Compl. at 1.) Annexed to the single page Complaint are an additional 126 pages largely comprised of multiple copies of portions of letters from Plaintiff to the New York State Department of Education, the Bellmore Merrick School District, and Frederick Brewington, Esq., as well as copies of Reyes's report cards, and prescriptions for physical and occupational therapy for Reyes. (See Compl., exhibits 1-6 annexed thereto.) Although Reyes is alleged to be twenty (20) years old, the Complaint and in forma pauperis application are signed only by Plaintiff.

DISCUSSION

I.  In Forma Pauperis Applications

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.[3]

---

[3] Notwithstanding the fact that Plaintiff filed an application to proceed in forma pauperis, Plaintiff also requested that the Clerk of the Court issue a Summons while her application was sub judice. However, the application to proceed in forma pauperis obviates the need for a Summons before the application is decided since the in forma pauperis statute expressly provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d).

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally, <u>see</u> <u>Sealed Pl. v. Sealed Def.</u>, 537 F.3d 185, 191 (2d Cir. 2008), and to interpret <u>pro se</u> papers "'to raise the strongest arguments that they suggest.'" <u>Corcoran v. N.Y. Power Auth.</u>, 202 F.3d 530, 536 (2d Cir. 1999) (quoting <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2d Cir. 1999) (additional citation omitted)). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)), <u>aff'd</u>, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u>

---

Accordingly, the Summons was prematurely issued. Given that the issuance of the Summons at that time was improper, insofar as Plaintiff now seeks a Certificate of Default [Docket Entry No. 7] such application is DENIED. Should Plaintiff file an Amended Complaint in accordance with this Order, the Court will then direct the Clerk of the Court to issue a Summons to the Defendant and Order service of the Amended Complaint at that time.

4

v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A.  Standing

"In the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'" Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654). "[A]n individual generally has the right to proceed pro se with respect to his own claims or claims against him personally, [but] the statute does not permit unlicensed laymen to represent anyone else other than themselves." Id. (internal quotation marks and citations omitted). Generally, a non-attorney parent cannot maintain an action pro se in federal court on behalf of his or her child. Armatas v. Maroulleti, 484 F. App'x 576, 577 (2d Cir. 2012) (citing Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 286 (2d Cir. 2005)); see also Wenger v. Canastota Cent. Sch. Dist., 146

5

F.3d 123, 124 (2d Cir. 1998) (holding that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child) (internal quotation marks and citation omitted), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007).

However, in Winkelman, the Supreme Court held that parents have standing "to prosecute IDEA claims on their own behalf" in federal court based upon both procedural violations of the Act and the substantive denial of a FAPE to their children. Id. at 535. Therefore, a parent, such as Plaintiff, does have standing to bring IDEA claims on her own behalf. Moreover, insofar as Plaintiff seeks to allege discrimination claims under the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 701 et seq., and/or the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., she may do so in her own right since "a parent of a child with a disability has a particular and personal interest" in preventing discrimination against that child. Id. at 529; see also Kampmeier v. Nyquist, 553 F.2d 296, 299 (2d Cir. 1977) (holding that disabled students, along with their parents, had standing to bring suit against school officials under the Rehabilitation Act.).

That the parent may bring such claims on her own behalf, however, does not alter the longstanding rule that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." Cheung v. Youth Orchestra Found. of

6

Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). Accordingly, the pro se Plaintiff cannot represent her daughter in this case.

Given Plaintiff's scant Complaint, it is not at all clear whether she seeks relief on behalf of her daughter rather than exclusively in her own right as the parent of child allegedly entitled to a FAPE under the IDEA. If Plaintiff intends to prosecute claims on behalf of her daughter, Plaintiff is directed, within thirty (30) days from the date that this Order is served upon her, to obtain counsel to represent her daughter in this matter. Alternatively, given that Reyes is alleged to be twenty years old, she too may prosecute her claims against the Defendants in her own right. To do so, she must sign and file an Amended Complaint as set forth below and file a separate in forma pauperis application for the Court's consideration. Reyes's failure to do so within the time allowed will lead to the dismissal of her claims without prejudice.

B. Sufficiency of the Complaint

When reviewing a complaint under section 1915(e), a district court looks to the requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the

7

opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted).

As noted above, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678 (holding that Rule 8 calls for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Although the Court should construe the factual allegations in a light most favorable to the pro se Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

8

misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

As is readily apparent, the Complaint here wholly fails to comply with Rule 8's requirements. The conclusory claims that Defendant failed to provide Reyes with a FAPE and that it violated her unspecified constitutional rights and "United States Disabilities Act Law" (Compl. at 1) do not suffice to put the Defendant on notice of the claims being asserted so as to permit it to file a responsive answer and prepare an adequate defense. Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC, 414 F. App'x 334, 335 (2d Cir. 2011) ("[C]onclusory statements must be disregarded," and "the remaining factual assertions must, when read together, make a plausible case for relief." (citing Iqbal, 556 U.S. at 678). Consequently, Plaintiff's "unadorned" legal conclusions fail to state a legally cognizable claim.

## IV. Leave to Amend

Given the Second Circuit's guidance that a "district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks and citation omitted), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court affords

Plaintiff and Reyes and opportunity to cure the deficiencies noted above. Plaintiff is GRANTED LEAVE TO AMEND the Complaint and is warned that her claims will be dismissed with prejudice unless she files an Amended Complaint by April 23, 2014.

Plaintiff is cautioned that any Amended Complaint filed completely replaces the original Complaint so all factual allegations, exhibits, and claims for which relief is sought should be included in the Amended Complaint. <u>Shields v. Citytrust Bancorp, Inc.</u>, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (internal quotation marks and citations omitted). The Amended Complaint shall clearly be labeled "Amended Complaint" and shall bear the same docket number as the Complaint, 14-CV-0661(JS)(GRB). The Amended Complaint must clearly set forth the facts that give rise to the claims, including the relevant dates and places of the alleged underlying acts as well as each individual who committed each alleged wrongful act. The Amended Complaint shall be screened pursuant to 28 U.S.C. § 1915(e)(2). No Summons shall issue at this time.

## CONCLUSION

For the reasons set forth above, the application to proceed <u>in forma pauperis</u> is GRANTED. However, because Plaintiff fails to allege a plausible claim against the Defendant, the

Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and WITH LEAVE TO FILE AN AMENDED COMPLAINT. Any Amended Complaint shall clearly be labeled "Amended Complaint" and shall bear the same docket number as the Complaint, 14-CV-0661(JS)(GRB). The Amended Complaint must be filed by April 23, 2014 and set forth the facts that give rise to the claims, including the relevant dates and places of the alleged underlying acts as well as each individual who committed each alleged wrongful act. Failure to file an Amended Complaint within the time allowed will result in the dismissal of Plaintiff's claims with prejudice. No Summons shall issue at this time. Additionally, as Plaintiff has also requested a Certificate of Default that request is DENIED as premature.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of the Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March   24  , 2014
       Central Islip, NY